UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Real Estate Alliance, Ltd. | : | |
| P.O. Box 587 | | |
| Southeastern, PA 19399 | : | |
|     Plaintiff, | | |
| | : | Civil Action, File No. _____ |
| v. | | |
| | : | COMPLAINT |
| Diane Sarkisian | | |
| 1126 Horsham Road | : | JURY TRIAL DEMANDED |
| Ambler, PA 19002 | | |
| | | |
|     and, | : | |
| | | |
| Various John and Jane Does, | : | |
|     Defendants. | | |

**COMPLAINT**

**Jurisdiction and Venue**

1.  This action for patent infringement is brought under the federal Patent Act of 1952, as amended, 35 U.S.C. § *1 et seq*.

2.  The United States District Court for the Eastern District of Pennsylvania has original jurisdiction pursuant to 28 U.S.C. § 1338(a).

3.  Venue is conferred pursuant to 28 U.S.C. § 1391(b) or (c) and is proper.

**The Parties**

4.  Plaintiff, Real Estate Alliance, Ltd. ("REAL"), is a corporation formed and existing under the laws of the State of Delaware and having a correspondence address at P.O.

1

Box 587, Southeastern, PA 19399.

5.	Defendant, Diane Sarkisian ("Agent") is an individual having a business address of 1126 Horsham Road, Ambler, PA 19002.

6.	Defendants John and Jane Does are individual real estate agents or others working with agents, whose identities and addresses are presently unknown to Plaintiff.

## Background

7.	At least as early as 1985, Mark Tornetta, a recent engineering graduate of the University of Pennsylvania who was interested in computers and had a background in real estate, realized that computer searching by geographic criteria would be a useful adjunct to real estate marketing activities.

8.	Mr. Tornetta developed a computer program method for graphically indicating and searching for real estate properties.

9.	Mr. Tornetta has been awarded two United States patents covering his method: U. S. Patent Number 4,870,576 and U. S. Patent Number 5,032,989.

10.	Mr. Tornetta is a shareholder in Plaintiff, REAL.

11.	Plaintiff is the assignee of the entire right, title, and interest in U. S. Patent Number 4,870,576 (the '576 patent)(copy attached hereto as Exhibit A.)

12.	Plaintiff is the assignee of the entire right, title, and interest in U. S. Patent Number 5,032,989 (the '989 patent)(copy attached hereto as Exhibit B.).

13.	The assignment of the '576 patent has been duly recorded in the Assignment Branch of the United State Patent & Trademark Office.

14.	The assignment of the '989 patent has been duly recorded in the Assignment

Branch of the United State Patent & Trademark Office.

15.     The '989 patent claims a computer implemented method of identifying available real estate properties by mapping the locations of the real estate properties in such a manner that an initial broad geographic map for a selected area can be "drilled down" by successive iterations to display greater levels of geographic detail including the locations of the available properties.

16.     The TReND Multiple Listing Service provides to Agent a computer system which permits the identification of available real estate properties by mapping the locations of the real estate properties in such a manner that an initial broad geographic map for a selected area can be drilled down by successive iterations to display greater levels of geographic detail including the locations of the available properties.

17.     TReND Multiple Listing Service does not have a license under the '989 patent to practice or permit others to practice the methods claimed in the patents.

18.     Defendant Agent is licensed by the Commonwealth of Pennsylvania to handle real estate matters.

19.     Defendant Agent's real estate agent license number is RS165144L.

20.     Available real estate properties, for which Defendant Agent is the listing agent, are available in the TReND Multiple Listing Service, where they may be identified in such a manner that an initial broad geographic map for a selected area can be drilled down by successive iterations to display greater levels of geographic detail including the locations of such available properties.

**Patent Infringement**

21.  The averments of Paragraphs 1 - 20 above are incorporated as if fully set forth herein.

22.  On information and belief, Plaintiff alleges that as part of her real estate agent business, Defendant Agent has used the mapping system provided by TReND Multiple Listing Service.

23.  By using without license the mapping system provided by TReND Multiple Listing Service, Defendant Agent has infringed Plaintiff's patent.

24.  Defendant Agent has profited by the commercial exploitation of Plaintiff's patented technology.

25.  Defendant Agent has earned a commission of at least 6% of the value of properties purchased or sold and identified through the infringing use of Plaintiff's patented technology.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

    1)    Award Plaintiff damages of a reasonable royalty; and

    2)    Award Plaintiff costs of the action plus interest, reasonable attorney's fees, and such other relief as the Court believes is just.

**Inducement to Patent Infringement**

26.  The averments of Paragraphs 1 - 25 above are incorporated as if fully set forth herein.

27.  On information and belief, Plaintiff alleges that as part of her real estate agent

business, Defendant Agent has induced others, presently unknown to Plaintiff, and identified herein as the Does, to use the mapping system provided by TReND Multiple Listing Service.

28. By inducing the Does to use without license the mapping system provided by TReND Multiple Listing Service, Defendant Agent has infringed Plaintiff's patent.

29. On information and belief, Plaintiff alleges that the Does, as part of their real estate business have used the mapping system provided by TReND Multiple Listing Service.

30. By using without license the mapping system provided by TReND Multiple Listing Service, Defendants Does have infringed Plaintiff's patent.

31. On information and belief, Plaintiff alleges that as part of her real estate agent business, Defendant Agent has induced members of the public who wish to locate available real estate properties to use the mapping system provided by TReND Multiple Listing Service.

32. By inducing members of the public to use without license the mapping system provided by TReND Multiple Listing Service, Defendant Agent has infringed Plaintiff's patent.

33. Defendant Agent has profited by the commercial exploitation of Plaintiff's patented technology.

34. Defendant Agent has earned a commission of at least 6% of the value of properties purchased or sold and identified through the infringing uses of Plaintiff's patented technology.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

1) Award Plaintiff damages of a reasonable royalty; and

2) Award Plaintiff costs of the action plus interest, reasonable attorney's fees, and such other relief as the Court believes is just.

Respectfully submitted,

_____

| | |
|---|---|
| Lawrence A. Husick, Esq.<br>P.O. Box 587<br>Southeastern, PA 19399-0587<br>(610) 296-8259<br>(610) 296-5816 (fax) | Lawrence A. Husick, Esq.<br>Co-Counsel for Plaintiff |
| Laurence A. Weinberger, Esq.<br>Suite 103<br>882 S. Matlack St.<br>West Chester, PA 19382<br>(610) 431-1703<br>(610) 431-4181 (fax) | Laurence A. Weinberger, Esq.<br>Co-Counsel for Plaintiff |