IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REAL ESTATE ALLIANCE, LTD. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 05-cv-3573 |
| DIANE SARKISIAN, et al. | : | |

**MEMORANDUM OPINION AND ORDER**

GOLDEN, J.                                                                                     SEPTEMBER 21, 2007

      Before the Court is plaintiff Real Estate Alliance, Ltd.'s (REAL) Motion to Certify two classes of defendants under Federal Rule of Civil Procedure 23. The Court denies the motion for the following reasons:

      1.  The defenses of named defendant and proposed class representative Diane Sarkisian ("Sarkisian") are not typical of the members of the class as a whole;

      2.  As a party to related litigation against the plaintiff, Sarkisian cannot serve as an adequate representative of the proposed defendant class;

      3.  Inconsistent verdicts in individual actions would not establish incompatible standards of conduct for REAL;

      4.  The extent of the litigation already underway concerning the controversy weighs against class certification.

**Facts**

      Plaintiff brought this action against Sarkisian, a local realtor, and unnamed John and Jane Doe defendants in July 2005. Plaintiff amended the complaint twice in November 2005. Plaintiff alleges that Sarkisian and "others with whom she does business" infringe on two of plaintiff's

patented methods by creating databases of real estate properties and using those databases to display maps that zoom to display higher levels of detail to locate properties. Plaintiff also charges that Sarkisian induced her clients and colleagues to infringe on its patent.

On February 28, 2007, seven months after the close of discovery and a week before the deadline for summary judgment motions, plaintiff filed this motion for class certification under Federal Rule of Civil Procedure 23. Plaintiff seeks to add two classes of defendants to this action: 15,000 subscribers and members of TREND MLS database, and "tens of thousands" Enhanced Listing Subscribers of Realtor.com. Plaintiff contends that Sarkisian would be an appropriate representative of these classes, as required under Rule 23, because her activities and, therefore, her defenses are typical of members of the prospective class. Further, plaintiff points out that the cost of Sarkisian's defense is underwritten by TREND and the National Association of Realtors. Sarkisian has raised both invalidity of the patent and lack of infringement as defenses.

On January 12, 2006, Sarkisian filed suit against plaintiff REAL and its individual stakeholders, in *Sarkisian v. Rooke*, Civil Action Number 06-170. Sarkisian charges that REAL's lawsuit and related publicity activities violate anti-trust law, the Racketeer Influenced and Corrupt Organizations Act, and several state law torts. In March 2007, the Court granted in part a motion to dismiss as to defendant attorney Lawrence Husick, and eliminated a number of state tort counts. The anti-trust and RICO counts, however, will proceed through discovery as to all parties, as will two tort counts. The case has been placed in suspense pending the outcome of this action.

## The Requirements of Rule 23

Rule 23 begins with a recitation of four prerequisites to class certification:

One or more members of a class may sue or be sued as representative parties on behalf of

all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

These prerequisites are often summarized as numerosity, commonality, typicality, and adequacy of representation. The Third Circuit instructs that the purpose of the four requirements is to insure that class designation is both necessary and efficient and fair to absent class members. *Baby Neal v. Casey*, 43 F.3d 48, 55-56 (3d. Cir. 1994). The final two factors, typicality and adequacy of representation, are of particular interest in this case. Typicality and adequacy of representation are intertwined, as they require a court to determine that the class representative has "incentives...aligned with those of the class" and "that the named plaintiff's claims are not antagonistic to the class." *Id.* at 55.

In addition to meeting all four requirements of Rule 23(a), a successful movant for class certification must meet at least one of the requirements of Rule 23(b), which divides class actions into three sub-categories. *Georgine v. Amchem Producrs, Inc.*, 83 F.3d 610, 624 (3d Cir. 1996). REAL asserts that class certification would be proper under both 23(b)(1) and 23(b)(3), which require that:

> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
>    (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>    (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class

action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:
>    (A) the interest of members of the class in individually controlling
>    the prosecution or defense of separate actions;
>    (B) the extent and nature of any litigation concerning the
>    controversy already commenced by or against members of the class;
>    (C) the desirability or undesirability of concentrating the litigation
>    of the claims in the particular forum;
>    (D) the difficulties likely to be encountered in the management of a
>    class action.

As the party moving for class certification, REAL bears the burden of showing that it has satisfied the requirements of Rule 23. *In re: Three Mile Island Litig.*, 87 F.R.D. 433, 440 (M.D. Pa. 1980) (internal citations omitted).

*Typicality under Rule 23(a)[1]*

Typicality requires a court to determine whether "the named plaintiff's individual circumstances are markedly different or...the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based." *Baby Neal*, 43 F.3d at 57 (internal citations omitted). A moving party can establish typicality even when there are significant factual differences between the position of the proposed class representative and the class members. *Id* at 58. As one court put it, typicality is satisfied when "litigation of the named plaintiff's claims can reasonably be expected to advance the interests of absent class members." *In re: Centocor, Inc. Sec. Litig. III*, 1999 U.S. Dist. LEXIS 1224, at *6 (E.D. Pa. Jan. 1999) (internal citations omitted). Provided that claims or defenses arise from the same event or course of conduct, they will be typical for Rule 23 purposes. *Id.*

In this case, Sarkisian's defenses in regard to both validity and non-infringement are

---

[1] The parties do not dispute that REAL's proposed classes meet the requirements for commonality and numerosity. Therefore, the Court will address only the requirements of typicality and adequacy of representation.

atypical of the members of the proposed class.  In challenging the patent's validity, Sarkisian's dispositive motions discuss prior art, and the state of the art for computer-based real estate searching in 1989 and 1991, when plaintiff received its patents.  Prior art references are based on Sarkisian's knowledge, and would not encompass the knowledge of the thousands of proposed class members.  Absent class members would thus be improperly restricted in their defenses.  *See, e.g., Webcraft Techs. Inc. v. Alden Press,* 1885 U.S. Dist. LEXIS 16966, at *10 (N.D. Ill. Aug. 9, 1985).

Some courts have certified a defendant class for suits to determine the validity of a patent for which prior art references are confined to a discrete number of users within a single industry. *See, e.*g., *Standal's Patents,* 1996 U.S. Dist. LEXIS16623, at *4-8 (approximately 250 defendants had purchased a "chipper apparatus," still labeled with a patent number, for which licensee had allegedly stopped paying royalties).  REAL's patent, however, concerns an internet-based technology of interest to millions of both casual and serious participants in the real estate industry. Under these circumstances, the Court cannot hold that the prior art references familiar to a single realtor, and thus defenses, are truly "typical" for all realtors.  Therefore, the Court finds that plaintiff has not satisfied the typicality requirement as to the question of patent validity.
 As to infringement, plaintiff does not point to a single case in which a court has certified a class of defendants on infringement of a patent.  In fact, infringement analysis requires a highly individualized, fact-intensive query about actual use and conduct; infringement is thus a poor candidate for class treatment because defenses are usually too varied to be typical.  *Id.* at *14. Sarkisian claims that the TREND and Realtor.com websites provide many services to clients, and many methods for searching for properties.  It is likely that some subscribers use these sites in

ways that do not infringe on REAL's patents. Therefore, Sarkisian's experiences and resulting defenses may not be typical, and the Court finds the plaintiff has not satisfied the typicality requirement with respect to the issue of patent infringement.

*Adequacy of Representation under Rule 23(a)*

A Court's adequacy of representation inquiry serves two purposes: first, to insure that named representatives "have the ability and incentive to vigorously represent the claims of the class as well as their own," and second, to insure that class counsel are qualified and able to advance the interests of the class. *In re: Centocor Sec.s Litig. III*, 1999 U.S. Dist. LEXIS 1224, at *8. In the instant matter, there is no question that defendants' counsel are highly qualified. Therefore, the Court's analysis focuses solely on whether Sarkisian herself has the ability and incentive to vigorously represent the claims of the class as well as her own. If there is a conflict between Sarkisian's goals and interests in the case and the goals and interests of the proposed class members, she cannot serve as an adequate class representative. *Amchem Prods. v. Windsor*, 521 U.S. 591, 626 (1997).

The Court concludes that because Sarkisian has filed a companion lawsuit against REAL and its stakeholders, her interests do not align with the proposed class at large and she cannot adequately serve as a representative. Sarkisian's companion suit levels serious charges at REAL and its cohorts, including attempts to corner the market and attempts at extortion. Moreover, while these counts of Sarkisian's suit implicate the interests of realtors broadly, other counts are highly personal, and concern her experience and alleged loss of business in the wake of publicity from this case. It is by no means clear that discovery will bear out Sarkisian's charges. The level of personal animus that Sarkisian displays toward REAL, however, suggests that her goals for this

litigation stretch beyond simply determining whether REAL's patent is valid and has been infringed.  To an impartial observer, this appears to be a commercial dispute that might be settled for a reasonable sum per class member; Sarkisian's countersuit suggests that she, and the legal team that represents her in both matters[2], would be unable to represent the class effectively in settlement negotiations.  *See*, *e.g., Kamerman v. Ockap Corp.*, 112 F.R.D. 195, 197 (S.D.N.Y. 1986); *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1464 (9th Cir. 1995).  Since the Court finds that Sarkisian would not adequately represent the class of defendants, the adequacy of representation element is also not satisfied.

### **Rule 23(b)**

The Court further concludes that, even if plaintiff had satisfied the requirements of Rule 23(a), its motion for class certification would still founder on the requirements of Rule 23(b).  As stated by the Advisory Committee that drafted the Rule, the 23(b) requirements further the Court's inquiry into the "propriety and value of utilizing the class action device."  Plaintiff has not persuaded the Court that a class action would be more efficient than other means of adjudication.

Plaintiff asserts that it meets the requirements of Rule 23(b)(1)(B), which permits class certification to prevent " inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class."  *Fed. R. Civ. P.* 23(b)(1)(B).  There is a split of authority concerning the application of this subsection to defendant patent class actions.  Some courts have held that because plaintiff patent

---

[2] The Court also notes that, should Sarkisian be made a class representative, she would lose her authority to sever her relationship with current counsel in this case without permission of the Court.  *See Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1076 (2d Cir. 1995).   Given the complexity of this matter and its ties to Sarkisian's companion suit, the Court hesitates to limit Sarkisian's ability to manage her case.

holders might prevail against some defendants but not others in individual actions, this subsection is satisfied. *Dale Electronics, Inc. v. R.C.L. Electronics*, *Inc.,* 53 F.R.D. 531 (D.N.H. 1971). Other courts have taken the opposite approach, noting that although disparate results might be disappointing for a patent holder, such results would not truly compel an "incompatible standard of conduct." *Bogosian v. Gulf Oil Corp.*, 62 F.R.D. 124, 131-32 (E.D. Pa. 1973), *vacated on other grounds*, 561 F.2d 434 (3d Cir. 1997).

This Court adopts the second view, that varying results in individual patent actions would not subject a plaintiff opposing a defendant class to "incompatible standards of conduct". Turning to the language of the Rule itself, the Court does not see how any result in a given case would compel REAL to conduct itself in a particular manner–it is REAL that is suing for relief, and for compelled conduct from the defendant class. In addition, the Court accepts the reasoning adopted in *Bogosian*, which interpreted the Rule as designed to prevent "a classic *Catch-22* situation" in which a party was compelled to undertake conduct by one court, and enjoined from performing the same conduct by another court. *Id.* Such a result is impossible here.

In any case, the question of varying results in individual patent actions may prove to be moot. REAL is primarily organized to sell its patented product. Armed with a successful verdict on validity and infringement against Sarkisian, it may well find an enlarged market for buyers within the real estate community. In the meantime, however, the risk of varying results in individual patent actions does not satisfy the requirements of Rule 23(b)(1)(B).

Plaintiff posits that it also meets the requirements of Rule 23(b)(3), which authorizes class action when common questions predominate, and when a class action would be superior to other methods of adjudication. *Fed. R. Civ. P.* 23(b)(3). Because the Court concludes that the plaintiff

has not shown that a class action would be superior to other forms of adjudication, it concludes that the class cannot be certified under Rule 23(b)(3).

In assessing the superiority of a class action, the Court looks to four, non-exhaustive factors enumerated in Rule 23:

> (A)  the interest of members of the class in individually controlling the prosecution or defense of separate actions;
> (B)  the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
> (C)  the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D)  the difficulties likely to be encountered in the management of a class action.

In the instant case, the Court concludes that as to the question of infringement, the members of the proposed defendant class would have a strong interest in controlling the defense of their own actions. As noted above, the question of infringement depends on examination of individual conduct, and individual use of the websites and methods at issue in this case. Different class members could present unique defenses, or at least defenses different from Sarkisian's. As to the question of validity, each class member would have a strong interest in having his or her knowledge of prior art references explored as a defense.

In addition, the Court notes that two significant related lawsuits are now underway, weighing against the superiority of a class action. *See Kurczi v. Eli Lilly*, 160 F.R.D. 667, 680 (N.D. Oh. 1995). Sarkisian's suit against REAL on anti-trust, RICO, and state tort grounds is not a parallel action; nevertheless, it insures that there will be ongoing litigation between the parties, regardless of the status of this case. There is also a declaratory judgment action, filed by Move, Inc., the operator of the Realtor.com website, pending in the Central District of California under civil action number 07-02185. Thousands of members of the proposed class, as Realtor.com

users, will be effected by the outcome of the California suit.  Given that these cases are pending, the Court does not believe that the additional creation of defendant classes will produce a superior method for resolving this dispute.

The Court holds that plaintiff has not met the requirements of either Rule 23(a) or 23(b). Therefore, plaintiff's motion for class certification is denied.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REAL ESTATE ALLIANCE, LTD. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 05-cv-3573 |
| DIANE SARKISIAN, et al. | : | |

**O R D E R**

AND NOW, this 21st day of September, 2007, upon consideration of the Plaintiff's Motion for Class Certification, it is hereby ORDERED that the motion [Doc. #78] is DENIED.

BY THE COURT:


*/s/ THOMAS M. GOLDEN*
THOMAS M. GOLDEN, J.